Dear Mr. Rodenbeck:
You have requested this office to render a legal opinion regarding the following:
 Can an attorney working as an independent contractor under contract with the Indigent Defender Board and receiving felony appointments in the Ninth Judicial District Court serve as a magistrate for the Cheneyville Mayor's and further serve as a board member, uncompensated, for the Board of Commissioners of the England Economic and Industrial Development District (the District)?
LSA-R.S. 15:145 defines the powers and duties of the membership comprising a judicial district indigent defender board and pertinently provides:
§ 145. Powers and duties of the judicial district indigent defender boards.
 A. Each district board shall maintain a current panel of volunteer attorneys licensed to practice law in this state and shall additionally maintain a current panel of nonvolunteer attorneys under the age of fifty-five licensed to practice law in this state and residing in the judicial district. The panel of nonvolunteer attorneys shall not include any attorney who has been licensed to practice in this state for thirty or more years.
 B. Each district board shall select one of the following procedures or any combination thereof for providing counsel for indigent defendants:
 (1)(a) Appointment by the court from a list provided by the district board of volunteer attorneys licensed to practice law in this state. In the event of an inadequate number of volunteer attorneys, appointment shall be from a list provided by the district board of nonvolunteer attorneys as provided in Subsection A of this Section. The court may delegate appointing power to the district board.
 (b) All appointments shall be on a successive basis. Deviations from the panel list shall be permitted only to comply with Article 512 of the Code of Criminal Procedure and in exceptional circumstances upon approval of the district board.
 (2)(a) The district board may employ a chief indigent defender and such assistants and supporting personnel as it deems necessary. The chief indigent defender shall be appointed for a period of three years and may not be a member of the board. The salaries of the chief indigent defender and all assistants and supporting personnel shall be fixed by the district board. All employees of the board shall possess such powers and duties as prescribed by the district board and consistent with the Code of Professional Responsibility.
 (b) The chief indigent defender may in the event of conflicts of interest, inadequate personnel or for any other reason approved by the board request that the court appoint counsel to represent indigent defendants pursuant to Section 145(B)(1).
 (3) The district board may enter into a contract or contracts, on such terms and conditions as it deems advisable, with one or more attorneys licensed to practice law in this state and residing in the judicial district to provide counsel for indigent defendants.
 (4) In a judicial district comprising more than one parish, the board may select the method of providing counsel for indigents on an individual parish basis.
LSA-R.S. 15:145 contemplates employment, appointment, and contract as alternative methods for providing counsel for indigents. Here, you advise the individual in question serves on a contractual basis with the Indigent Defender Board of the Ninth Judicial District. This circumstance removes the position in question from application of the Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq.
There remains for examination the legality of the concurrent holding of the public positions of magistrate for the Cheneyville Mayor's Court and board member of the District. The former position constitutes a local appointive office, while the latter position is considered an appointive office within a political subdivision of the state.
Our conclusions regarding the nature of the position are predicated upon the language of LSA-R.S. 33:441(B) providing that the mayor, with approval of the board of aldermen, may appoint an attorney as court magistrate, and LSA-R.S. 33:130.351, providing that the district is a political subdivision of the state, and further providing that the board memberships are appointed positions. See LSA-R.S. 33:130.353.
The Dual Officeholding and Dual Employment laws of this state do not prohibit an individual from holding two part-time appointive offices, and as such is the case herein, both positions may be held simultaneously.
Any ethical considerations should be forwarded to Louisiana Board of Ethics at 8401 United Plaza Blvd., Suite 200, Baton Rouge, Louisiana, 70809.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams